Dear Mr. Dunn:
Your request for an opinion has been assigned to this Division for research and reply. You have inquired in regard to Attorney General's Opinion #82-1125. Specifically, you request:
 In view of La. R.S. 15:574.8 and La.C.Cr.P. Art. 899, are probation and parole officers of the Department of Corrections "officers"?
Opinion #82-1125 attempted to delineate those state officers which are classified as "peace officers." We based our conclusions upon the Legislature's definition of peace officer. We attempted to review the status of each office by essentially asking: "Does this officer's daily activities bear a substantial relationship to the skills taught in the basic law enforcement training program?" Our opinion, in part, recognized the importance of the basic law enforcement training program. Without proper training, a state officer's performance of his duty may be impaired.
 Section 574.8 of Title 15 pertinently provides: "Incidental to the supervision of parolees, parole officers shall be deemed to be peace officers. . . ."
The above section clearly establishes a limitation on parole officers' ability to act as peace officers. It appears that the Legislature intended to authorize a parole officer only to act as a peace officer "incidental to the supervision of parolees."
*Page 2
Sub-section (F) of Article 899 of the Louisiana Code of Criminal Procedure states:
 "Incidental to the supervision of probationers, probation officers shall be deemed to be peace officers. . . ."
Article 899, like the provisions of 15:574.8, limits a probation officers' ability to act as a peace officer to instances concerning probationers. There is no indication whatsoever that either probation or parole officers are empowered to act as peace officers in regard to the entire public citizenry, only incidental to their assigned supervisory duties.
The aforementioned provisions establish that probation and parole officers may act as peace officers in limited circumstances. Their duties as probation and parole officers actually encompass the making of arrests, the execution of searches, the serving of warrants, and the enforcement of the laws of this State in regard to those they are assigned to supervise. The need to secure proper law enforcement training to perform the above duties is obvious.
To insure that probation and parole officers are properly educated to perform their law enforcement duties it is the opinion of this office that probation and parole officers of the Department of Corrections are "peace officers" within the meaning of R.S. 40:2402.
To the extent required by this opinion, Opinion #82-1125 is hereby modified.
It is hoped that this opinion satisfies your initial request. If this office can be of further service or if you require additional information, please do not hesitate to contact us again.
With kind regards, I am
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: RENE SALOMON
Assistant Attorney General
RS/fd
OPINION NUMBER 98-320
August 31, 1998
 92-A-2-(j) RETIREMENT — Municipal Police Employees: Harbor Police 15-A CONSTITUTIONAL LAW 47 FINES, FORFEITURES AND PENALTIES 90-1 PORT COMMISSIONS LSA-R.S. 11:690
Judge Oliver Delery We conclude that provisions of R.S. Traffic Court, City of New 11:3690 calling for the payment of Orleans fines collected by the traffic 727 South Broad Street courts of Orleans parish to be paid New Orleans, LA 70119 directly to the Harbor Police Retirement System are constitutional